UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                                                                              Hon. Janet T. Neff

MIKHO'S HOOKHA LOUNGE INC., et al.,                          Case No. 1:18-cv-00536

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 46), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). Defendants Mikho's Hookha Lounge Inc., Simon Mikho, and Sarmad Mikho were properly served in this matter. (ECF Nos. 41 and 42). Defendants failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to Mikho's Hookha Lounge Inc., Simon Mikho, and Sarmad Mikho on June 21, 2019 (ECF No. 44). Plaintiff filed its motion for default judgment (ECF No. 46) on July 9, 2019.

## THE PARTIES

This action involves a claim for damages by Plaintiff Joe Hand Promotions, Inc. against Defendants, Simon Mikho, Sarmad Mikho, individually and as officers, directors, shareholders, members and/or principals of Mikho's Hookha Lounge Inc. and Mikho's Hookha Lounge Inc. d/b/a Mikho Middle Eastern Cuisine & Lounge, for misappropriation of the closed circuit Ultimate Fighting Championship® 198: Werdum vs. Miocic broadcast in violation of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.* Mikho's Hookha

Lounge Inc., Simon Mikho, and Sarmad Mikho are not minors or incompetent persons. As the defendants have not answered or otherwise pled, the allegations against Mikho's Hookha Lounge Inc., Simon Mikho, and Sarmad Mikho are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## **STANDARD**

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

2

## **DISCUSSION**

Plaintiffs' motion appears appropriate and thorough and does not require an evidentiary hearing. The motion and brief in support, including the attached exhibits and affidavits, sufficiently outline the basis for default judgment and for the damages and costs sought. *See, e.g.,* Declaration of Ryan R. Janis (ECF No. 46-6, PageID.227).

## **CONCLUSION**

It is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment (ECF No. 46) be granted; and that default judgment enter against defendants Mikho's Hookha Lounge Inc., Simon Mikho, and Sarmad Mikho as follows:

| | |
|---|---:|
| Violation of Title 47 U.S.C. § 605(e)(3)(C)(i)(II) | $1,000.00 |
| Violation of Title 47 U.S.C. § 605(e)(3)(C)(ii) | 6,000.00 |
| Attorney Fees | TBD |
| Costs | 540.00 |
| TOTAL JUDGMENT: | $7,540.00 |

The undersigned further recommends that the court permit plaintiff to file a motion and affidavit for recovery of attorney fees within 28 days of entry of judgment and that the court grant reasonable attorney fees. A proposed default judgment was filed by plaintiff on July 11, 2019 (ECF No. 47).

Dated: August 8, 2019                                /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              U.S. Magistrate Judge

4

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).